# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RUTH MARDEN, ] | |
| And her husband, ] | |
| ] | |
| JOHN MARDEN, ] | |
| ] | |
|    Plaintiffs, ] | |
| ] | |
| vs. ] | Case No. 3 07 0209 |
| ] | JURY DEMAND |
| GAYLORD ENTERTAINMENT ] | JUDGE TRAUGER |
| COMPANY, DEVERY SIMS, AND ] | |
| PHILLIP DONALDSON ] | |
| ] | |
|    Defendants. ] | |

## PLAINTIFFS' MOTION TO EXTEND INITIAL CASE MANEGMENT DEADLINES

Come now Plaintiffs Ruth and John Marden pursuant to Rule 16.01 (d)(4)(b) of Local Rules of Practice for the United States District Court for the Middle District of Tennessee and respectfully move this Honorable Court for an Order extending the deposition deadline enumerated in paragraph "F" of the Initial Case Management Order previously entered by this Court on July 10, 2007. Said extension is sought only to allow for the unforeseen unavailability of the Plaintiffs to present for deposition due to Plaintiff Ruth Marden's recent knee replacement surgery.[1] Plaintiffs also respectfully move for an extension of the remaining deadlines enumerated in the Initial Case Management Order to conform to the new deadline for party/fact witness/medical proof depositions.

Plaintiff Ruth Marden underwent knee replacement surgery on September 27, 2007. This knee replacement surgery is not related to the incident underlying this suit but does prevent her

---

[1] This motion does not seek an extension of the written discovery deadline. While Plaintiffs have not yet responded to Gaylord's First Interrogatories and Requests for Production of Documents, they will do so before the December 3, 2007, deadline currently in place.

from traveling to Nashville for her deposition for a period of at least two (2) months. In fact, Mrs. Marden's treating physician has advised that he prefers that she not travel for a full three (3) months following the surgery.

Mrs. Marden and her husband are currently properly noticed for deposition to occur on October 12, 2007, but Mrs. Marden, per her doctor's instruction, will not be able to travel from her home in New Hampshire to attend her deposition until after December 27, 2007 (assuming his preference for a three month moratorium on travel).

Per the Initial Case Management Order, December 3, 2007, is the deadline for party/fact witness depositions (including medical proof). <u>See</u> paragraph "F" of the Initial Case Management Order. Further, a joint mediation report is due to be filed by the parties on or before November 29, 2007. <u>See</u> <u>id</u>. at paragraph "H." Mrs. Marden and her husband are the first noticed depositions in this cause and their testimony could greatly dictate what other witnesses will need to be deposed. Further, counsel for Plaintiffs and Defendant Gaylord have discussed their mutual desire that Mrs. Marden testify first as the primary Plaintiff and person involved in the accident.[2]

***The undersigned counsel has conferred with counsel for Gaylord and they do not oppose the granting of this Motion provided that the same allows for appropriate adjustments of the remaining scheduling deadlines***. Plaintiffs will serve a copy of this motion by US mail at pro se Defendant Devery Sims' last known mailing address but have no indication that Mr. Sims will object to the same.

---

[2] Further, Defendant Gaylord Entertainment Company's ("Gaylord") busiest time of the year is November, December, and January. Counsel agrees with Gaylord's counsel that, although the parties would certainly work together to schedule the depositions of Gaylord's employees, that the timing could be complicated by the Holiday Season.

Wherefore, premise considered, Plaintiffs move this Court to extend the deposition discovery deadline enumerated in paragraph "F" of the Initial Case Management Order until at least January 31, 2008. The Plaintiffs also respectfully move this Court to extend the deadlines set forth in paragraphs "H" and "I" of the Initial Case Management Order. The parties have agreed to leave the issue of continuing the trial date[3] to the Court's discretion once the final deadlines have been ordered.

This Motion is not set forth to foster undue delay but rather so that justice be done.

Respectfully submitted,

**LAW OFFICES OF DAVID C. LEE, PLLC**

**/s/ David C. Lee**
David C. Lee, Esq.
West Bearden Plaza
318 Nancy Lynn Lane, Suite 27
Knoxville, Tennessee 37919
*Co-Counsel for Plaintiffs*

---

[3] This case is currently set for trial beginning April 8, 2008.

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been delivered to the following via the Court's Electronic Filing System on this 3rd day of October, 2007:

        Rose P. Cantrell, Esq.
        Joel P. Surber, Esq.
      PARKER, LAWRENCE, CANTRELL & DEAN
      200 Fourth Avenue North, Suite 500
        Nashville, TN 37219

   I further hereby certify that a true and correct copy of the foregoing document was sent to the following via U. S. Mail, first class, postage prepaid on this 3rd day of October, 2007:

         Devery Sims
        518 Dover Glen
       Antioch, TN 37013

               **/s/ David C. Lee**
               David C. Lee